**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **OMNIPOINT COMMUNICATIONS, INC.** | ) | |
| | ) | |
| **VS.** | ) | |
| | ) | **C.A. No. 08-126ML** |
| **THE CITY OF EAST PROVIDENCE, et al.** | ) | |

**DEFENDANT'S RULE 16 STATEMENT**

## I. FACTS AND TRAVEL

This matter came before this court on a Complaint made by Omnipoint Communications, Inc. ("Plaintiff") on April 9, 2008. The Plaintiff's Complaint sought an injunction against The City of East Providence ("Defendant") to overturn the East Providence Zoning Board of Review ("Board") denial, and an order of mandamus that would require the Defendant to issue all required permits for the project in question. Plaintiff had applied for a use and dimensional variance in order to construct a ninety-foot monopole cellular communications tower in the City of East Providence, and the defendant Board unanimously denied the application. This denial was memorialized in a written decision dated March 6, 2008, and recorded by the City Clerk on March 10, 2008. The decision stated the three reasons for denial.

The Complaint alleges that the Board violated 47 U.S.C. § 332(c)(7)(B)(iii), the Telecommunications Act, in that the Board's denial was insufficiently written and unsupported by substantial evidence from the written record. Count Two alleges that the Board violated 47 U.S.C. § 332(c)(7)(B)(i)(II), in that the Board's denial has the effect of prohibiting the provision of personal wireless communications service. The Defendant answered the complaint on May 19th, 2008 and denied each and every allegation.

The Defendant rejects federal jurisdiction on the grounds that the Plaintiff has failed to exhaust all administrative remedies available to it prior to a valid federal appeal. The Plaintiff may only seek federal jurisdiction upon exhaustion of all administrative remedies provided for by state or local law in order to avoid having to exhaust "any independent State Court remedy otherwise required." *Sprint Spectrum L.P. v City of Carmel*, 361 F.3d 998, 1004 (7th Cir. 2004) (citing 1996 U.S.C.C.A.N 124, 223.) [Exhibit One] The remedy is an appeal to the Superior Court under R.I.G.L. § 45-24-69, which is attached hereto as Exhibit Two.

The Plaintiff has not exhausted the administrative remedy provided for under Rhode Island law This remedy is administrative, and not judicial, because the appeal under Rhode Island law is not an "independent" or "separate" State Court remedy Rather, it is part of the administrative process in appealing a local administrative decision. Therefore, the federal jurisdiction is improper, and a 12(b)(1) dismissal would be proper in this matter

Count One alleges that the denial issued by the Board violates 47 U.S.C. § 332(c)(7)(B)(iii) because it was allegedly insufficiently written and unsupported by substantial evidence from the written record. The Defendant avers this count on the basis that the denial was both written and supported by substantial evidence as First Circuit case law requires. The decision is attached hereto as Exhibit Three.

Decisions satisfy the writing requirement if they are in a written format, separate from the written record of proceedings, with "sufficient explanation of the reasons" for denial. The denial must also be supported by substantial evidence, which is "such relevant evidence as a reasonable mind might accept as adequate to support a

conclusion," even if there are several reasonable yet competing conclusions available.

Count Two alleges that the Board's decision amounts to an effective prohibition of personal wireless services because it prevents the Plaintiff from filling a significant gap in their service area pursuant to their Federal Communications Commission mandate, allowing the Federal Court to issue an injunction. The Defendant denies this allegation on the ground, under First Circuit case law, that the Board's decision does not have the effect of prohibiting the provision of personal wireless services as there is no effective prohibition present. The Federal Court should not overturn the Board's denial under the Telecommunications Act.

The Plaintiff must illustrate two things to prevail on this count. First, it must show that a significant gap exists in its service area which the Plaintiff is required to fill by its FCC license. Secondly, the Plaintiff must illustrate that there are no alternative feasible sites that would fill the significant gap and would require less relief, and that any further reasonable attempts by the Plaintiff to pursue a cell tower would be fruitless and illustrate a fixed hostility by the Defendant against cell towers. As it currently stands, it is unlikely and improbable that the Plaintiff will prevail.

CITY OF EAST PROVIDENCE
ZONING BOARD OF REVIEW
By its attorneys,

/s/ Timothy J. Chapman
Timothy J Chapman #3494
145 Taunton Avenue
East Providence, RI 02914
Telephone No.: 401-435-7523
Fax No.: 401-435-7585
E-mail: tchapman@cityofeastprov.com
chapman@eplaw.necoxmail.com
rlefebvre@cityofeastprov.com

/s/ William J. Conley, Jr.
William J Conley, Jr #2149
145 Taunton Avenue
East Providence, RI 02914
Telephone No. 401-435-7523
Fax No.: 401-435-7585
E-mail: wconley@cityofeastprov.com

**CERTIFICATION**

I hereby certify that the within document has been electronically filed with the Court on the 14th day of August, 2008 and is available for viewing and downloading from the ECF system and that counsel of record listed below will receive notice via the ECF system:

Brian Grossman, Esq.
bgrossman@princelobel.com

Paul Cantor, Esq.
psc@pcantorlaw.com

/s/ Timothy J. Chapman